IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNY NEWTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:06-CV-01634-M |
| | § | |
| SECURITAS SECURITY SERVICES, | § | |
| USA, INC. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Securitas Security Services' Motion for Summary Judgment. For the reasons set forth below, the Motion is GRANTED.

### I. FACTUAL BACKGROUND

Securitas Security Services, USA, Inc. ("Securitas") hired Plaintiff Jenny Newton as a Business Development Manager on July 21, 2003. On January 6, 2004, Newton reported to Carl Fiegel, the Senior Branch Manager, that John Williams, the Vice President of Sales, had sexually harassed her. Williams was discharged on March 3, 2004, following an internal investigation. In the summer of 2004, Newton was placed on probation for poor sales performance. She was notified by a letter dated October 29, 2004, which she received on November 1, 2004, that she would be terminated, effective November 15, 2004, because her sales performance did not meet minimum standards.

On September 6, 2005, Newton filed a pre-charge questionnaire with the United States Equal Employment Opportunity Commission ("EEOC") and on February 27, 2006, she filed a

charge with the EEOC. On June 13, 2006, Newton received notice from the EEOC that the EEOC was dismissing her charge, because it was not timely filed. Newton filed suit on September 6, 2006, alleging that her termination was in retaliation for her sexual harassment complaint against Williams, in violation of Title VII, 42 U.S.C. § 2000e.

## II. ANALYSIS

### A. *Standard of Review*

Summary judgment is warranted when the facts, as evidenced in the pleadings, affidavits, and other summary judgment evidence, show that no reasonable trier of fact could find for the nonmoving party as to any material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Pourgholam v. Advanced Telemarketing Corp.*, No. 3:01-CV-2764-H, 2004 U.S. Dist. LEXIS 10659, at *2–3 (N.D. Tex. June 9, 2004). "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322–25). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

The nonmovant is then required to go beyond the pleadings and designate specific facts proving that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). That party may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts. FED. R. CIV. P. 56(e). The court must review

2

all evidence in the record, giving credence to evidence favoring the nonmovant as well as "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses," and disregarding evidence favorable to the movant that the jury would not be required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 152 (2000). Further, "the court must draw all justifiable inferences in favor of the nonmovant." *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 338 (5th Cir. 2005) (citing *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993)).

In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch*, 140 F.3d at 625. "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991). However, in the absence of proof, a court will not conclude that the nonmoving party could prove the required facts. *Lynch*, 140 F.3d at 625. Further, the party opposing summary judgment must do more than simply show some "metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

B. *Title VII Claim*

Securitas moves for summary judgment for Newton's failure to exhaust administrative remedies, because Newton did not file a charge with the EEOC within three hundred days of November 1, 2004, the date she received notice of her termination from Securitas. Newton contends that her EEOC charge was timely because the three hundred day period did not begin to run until November 15, 2004, the date her termination became effective. Because the Court

3

concludes that the limitations period commenced to run on November 1, 2004, Newton's Title VII claim is dismissed for failure to exhaust administrative remedies.

The timely filing of a charge with the EEOC is a condition precedent to a suit brought under Title VII.  42 U.S.C. § 2000e-5(e)(1); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460 (5th Cir. 1970).  This requirement is not jurisdictional, but is similar to a limitations period.  *Clark v. Resistoflex Co.*, 854 F.2d 762, 765 (5th Cir. 1988).  Because Texas has state laws prohibiting employment discrimination and a state agency with authority to pursue similar employment claims, TEX. LAB. CODE ANN. § 21.001 *et seq*. (Vernon 2006), it is a deferral state, and a charge with the EEOC is therefore timely if made within three hundred days of the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(e)(1); *Mennor v. Fort Hood Nat'l Bank*, 829 F.2d 553, 554-55 (5th Cir. 1987); *Stith v. Perot Systems Corp.*, No. 3:02-CV-1424-D, 2004 WL 690884, at *3 (N.D. Tex. Mar. 12, 2004) (Fitzwater, J.).

The issue here is when the employment practice alleged to be unlawful occurred.  A "discrete retaliatory or discriminatory act 'occurred'" on the date that it "happened." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002); *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 279-80 (5th Cir. 2003).  A discrete retaliatory act, such as a termination, happens when the violation occurs, not when "the *consequences* of the acts became most painful." *Delaware State Coll. v. Ricks*, 449 U.S. 250, 258 (1980) (quoting *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979)).  In *Ricks*, the Court made clear that a discrete act occurs on the date the employee is notified of the employment decision, not the date the decision takes effect.  *Id.*; *see also Clark*, 854 F.2d at 765 (whether a reasonable employee would know he was being

4

discharged on the date in issue is the question); *Selby v. Revlon Consumer Prods. Corp.*, No. 3:96-CV-2864-D, 1998 WL 101903, at *2 (N.D. Tex. Feb. 26, 1998).  The limitations period begins on the date when the employee received unequivocal notice of the termination, not the date the termination became effective.  *Ricks*, 449 U.S. at 258; *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002); *Clark*, 854 F.2d at 765.  The date notice was received was November 1, 2004.

Newton contends that the limitation period did not begin until the date her termination became effective because her claim should be treated like a "continuing violation" claim.  However, termination of an employee is a discrete act and not a continuing violation.  *See Morgan*, 536 U.S. at 113-14; *Pegram*, 361 F.3d at 280; *Hitt*, 301 F.3d at 246.  Therefore, the Court holds that the three hundred day limitations period began to run on November 1, 2004 when Newton received her termination notice.  This limitations period thus expired on August 28, 2005.  Because Newton did not file anything with the EEOC within this period, Newton's Title VII claim is barred for failure to exhaust administrative remedies.[1]  Securitas' Motion is GRANTED and Newton's Title VII claim is DISMISSED WITH PREJUDICE.

---

[1] The parties disagree as to whether the pre-charge questionnaire satisfies the charge requirement of 42 U.S.C. § 2000e-5(e)(1).  The pre-charge questionnaire does not substitute for a timely-filed charge and therefore does not fulfill the charge requirement of Title VII.  *Harris v. Honda*, No. 3:04-CV-2629-M, 2005 WL 2416000, at *3 (N.D. Tex. Sept. 30, 2005) (Lynn, J.) (citing *McCray v. DPC Indus.*, 942 F. Supp. 288, 295 (E.D. Tex. 1996) ("Intake questionnaires and EEOC discrimination charges are two separate things")), *aff'd*, No. 05-11380, 2006 WL 3627671 (5th Cir. Dec. 12, 2006).  Therefore, even if the limitations period did not commence until November 15, 2004, Newton's claim is still time-barred because her charge, filed February 27, 2006, was not filed within three hundred days of November 15, 2004.

**SO ORDERED.**

**DATED:** February 23, 2007.

_____
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**

6